IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV25-1-MU

| | |
|---|---|
| JOSIAH PIERRE WELCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| JOHN SNYDER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court upon Plaintiff's Motion to Reconsider (Doc. No. 8), filed February 5, 2008.

In his Complaint pursuant to 42 U.S.C. § 1983, Plaintiff alleged that the Defendants, a state court clerk of court, a district attorney, and his defense attorney, violated his state statutory and federal constitutional rights during the pretrial stages of his state criminal proceedings.[1] Plaintiff sought significant damages from each defendant. After conducting an initial review, this Court dismissed Plaintiff's Complaint for failure to state a claim. Plaintiff has now filed a Motion to Reconsider[2] asking the Court to vacate its earlier Order and to reinstate his Complaint.

---

[1] Petitioner indicates in his Complaint that the state charges against him were dismissed. Plaintiff and court records indicate that his state charges were dismissed because federal criminal charges were initiated against Plaintiff. Court records indicate that Plaintiff has entered a guilty plea but has not yet been sentenced. (Crim Case No. 3:06cr199).

[2] Judgment was entered against Petitioner (Doc. No. 6) on January 25, 2008. A motion to alter or amend judgment filed within ten days of entry of judgment is properly considered a Rule 59(e) motion regardless of how it is styled; a motion filed later than ten days after entry of judgment is considered a Rule 60 motion. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). Petitioner's Motion was dated January 31, 2008, and filed on February 5, 2008, so this Court will construe his Motion as a Rule 59 motion.

The Fourth Circuit has held that reconsideration is "an extraordinary remedy" that should be only "sparingly" used. Pacific Insurance Company v. American National Fire Insurance Co. 148 F. 3d 396, 403 (4th Cir. 1998). Reconsideration can only be granted on three grounds: (1) to accommodate an intervening change in controlling law; (2) to consider new evidence not previously available; or (3) to correct a clear error of law. See Hutchinson v. Staton, 994 F. 2d 1076 (4th Cir. 1993), Xoom, Inc. v. Imageline, Inc., 93 F. Supp. 2d 688 (E.D. Va. 1999).

In the instant motion, Petitioner asserts that this Court disregarded his allegation that Defendant Wilson, his defense attorney, conspired with state actors to deprive him of his civil rights. A broad allegation of conspiracy is simply insufficient to render Defendant Wilson a state actor. Plaintiff also argues that he was deprived of being called before the grand jury proceedings. Likewise, Plaintiff fails to allege any conduct with regard to the grand jury proceedings that would cause the clerk of court or prosecutor to lose their immunity. None of the arguments proffered by Plaintiff in his Motion to Reconsider convince this Court that its earlier order should be vacated and his Motion to Reconsider should be granted.

**IT IS THEREFORE ORDERED that** Plaintiff's Motion for Reconsideration is **DENIED.**

Signed: March 10, 2008

Graham C. Mullen
United States District Judge